| .GUIDRY, J.
Appellants, Carl Walther, Robert Mus-so, Karen Trebucq, Cammlia Williams, Tom G. Halko, Harold J. Albeanise, Anthony Bevinetto, Posey Bowers, John Masar-acchia, Carolyn Crochet, James J. Mathes, Jr ., and Michael Candebat, appeal the granting of a motion for summary disposition by the State Civil Service Commission. We affirm.
FACTS AND PROCEDURAL HISTORY
Appellants work for the Department of Labor (DOL), and, until April, 1995, they were employed in the position of Unemployment Insurance Compliance Auditors, at a GS-17 pay level. On April 5, 1995, following a Job Classification Compression Study conducted by the Department of State Civil Service (DSCS), appellants were re-allocated to the position of Program Compliance Officer 3. Shortly after the re-allocation of appellants’ position, two other positions, the Unemployment Insurance Claims Investigator and the Quality Control Investigators at GS-16 pay levels, were also re-allocated to the position of Program Compliance Officer 3.
On February 8, 1996, appellants appealed the designation of their position to Program Compliance Officer 3 to the Director of Civil Service. As a result of that appeal, appellants were re-allocated to the position of Auditor 2. However, appellants’ pay scale remained at a GS-17 level. Subsequently, appellants filed a request in accordance with Civil Service Rule 5.3 [1] to be re-allocated to the position of Auditor 3 at a GS-18 pay level. This request was denied by the Director of DSCS.
| .On May 21, 1997, appellants appealed the denial to the State Civil Service Commission (Commission). On January 5, 1998, the DSCS filed a motion for summary disposition claiming that appellants had failed to allege specific facts to support a finding that the Director had discriminated against appellants in denying their re-allocation request or that a Civil *792 Service rule had been violated. The Commission granted the motion and this appeal followed.
ASSIGNMENTS OF ERROR
On appeal, the appellants assign the following as errors committed by the Commission:
1. The CM Service Commission, by granting Summary Deposition (sic) unto the Department of State Civil Service, committed reversible error when it refused to allow appellants a hearing on the merits of their cause.
2. The Civil Service Commission denied appellants due process, the right to a fair tribunal and violated the Louisiana Administrative Procedure’s Act when it allowed the General Counsel of Civil Service to commingle his roles as attorney for the Department of Civil Service, as well as attorney for the Civil Service Commission.
DISCUSSION
We need not consider the merits of appellants’ appeal, since procedurally, we find that the Commission was without authority to hear the matter before it. In Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/2/99), 728 So.2d 1254, the Louisiana Supreme Court held that certain sections of Civil Service Rule 13.10 were unconstitutional because they expanded the scope of the Commission’s appellate jurisdiction. Specifically, the court found:
Rule 13.10 subsection (c) coupled with Rule 14.1, subsections (e), (f), and (?), and subsection (h) coupled with Rule 1.14.1, to |4the extent that they purport to authorize appeals to the Commission on discrimination claims outside the scope of the Commission’s limited jurisdiction as herein defined under Article X, Sections 8 and 12, are unconstitutional.
Louisiana Department of Agriculture and Forestry, 98-1587 at p. 15, 728 So.2d at 1264. This ruling by the Louisiana Supreme Court was rendered while the present matter was pending appeal to this court.
“An appellate court is obligated to adjudge a case before it according to the law existing at the time of its decision.” Charrier v. Charrier; 94-921, p. 3 (La.App. 5th Cir.3/26/96), 672 So.2d 983, 985, writ denied, 96-1561 (La.9/27/96), 679 So.2d 1345.
Civil Service Rule 13.14 states that one of the grounds for granting a motion for summary disposition is a finding that the Commission lacks jurisdiction of the subject matter. Appellants sought the Commission’s review of the actions of the Director of the DSCS under subsections (c), (e) and (h) of Rule 13.10. As previously stated, these sections have been declared unconstitutional and the Commission is without authority to hear appeals based on an alleged • violation of these sections. Therefore, we pretermit a review of the merits of appellants’ appeal and uphold the granting of the motion for summary disposition based on the ruling of the state supreme court in Louisiana Department of Agriculture and Forestry.
On April 12, 1999, appellants filed a motion to remand with this court, which was referred to the merits of their appeal. In their motion, appellants acknowledged that their pay scale had been changed to a GS-18 level, and therefore relief, as to that portion of the demand, is no longer necessary. However, appellants, in their motion, have requested that this court remand the matter to the Commission for a determination of when the pay rate should be made effective and for a determination of an award for | ¡¡attorney's fees. Alternatively, appellants request that this court remand the case for the introduction of additional evidence. In light of our affir-mance of the granting of the motion for summary disposition, a remand of this matter is not warranted. Therefore, the motion to remand is denied.
*793 CONCLUSION
Considering the foregoing, we affirm the decision of the Commission dismissing appellants’ appeal by summary disposition. All costs of this appeal are taxed to appellants.
AFFIRMED.

. Civil Service Rule 5.3 provides: (a) The Director shall provide for the systematic review of the classification of each position in the classified service, (b) An employee affected by the allocation or reallocation of a position to a job shall be afforded a reasonable opportunity to have his case reviewed by the Director or by a representative whom he designates. The Director’s decision shall be final in these matters unless there is an allegation that his ruling has been discriminatory.